UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY B. TAYLOR,

    Applicant,

v.                                                CASE NO. 8:15-cv-1580-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Taylor applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for murder, for which he is imprisoned for life. An earlier order (Doc. 4) determines that the application is time-barred and explains the requirements for showing entitlement both to equitable tolling of the limitation and to actual innocence. In his response (Doc. 7) Taylor neither challenges the earlier determination of untimeliness nor asserts entitlement to equitable tolling, but instead contends that his actual innocence entitles him to federal review. Taylor shows no actual innocence.

To warrant a review under the actual innocence exception to the limitation Taylor must prove that he did not commit the criminal offense for which he is imprisoned. "It is important to note in this regard that 'actual innocence' means

factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove his innocence Taylor must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new "evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin, Warden v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013). The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006).

Taylor presents no "new reliable evidence" that was not presented at trial and that shows he is factually innocent of murder. In his response Taylor argues that his right to cross-examination under the Confrontation Clause was violated when (1) an autopsy report was admitted into evidence through the testimony of an associate of the medical examiner's office instead of the doctor who performed the autopsy and (2) a DNA test report was admitted into evidence through the testimony of a Florida Department of Law Enforcement analyst but not the analyst who performed the test. Taylor argues that he should have had the opportunity to cross-examine the individual who performed either the autopsy or the DNA test, but Taylor offers no challenge to the accuracy of either report. Taylor neither presents new evidence nor

shows that no reasonable juror would find him guilty.  As a consequence, Taylor fails to meet his burden of proving entitlement to a review of his time-barred application.

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred.  The clerk must enter a judgment against Taylor and close this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Taylor is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Taylor must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly time-barred and because he shows entitlement to neither equitable tolling nor manifest injustice, Taylor is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Taylor must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 26, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE